## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          *Plaintiff,*

vs.                                                                  Case No.10-10152-01, 02, 03, 04-EFM

LUIS RAUL RENTERIA-LOPEZ, JUAN
CARLOS GUTIERREZ, FERNANDO
GARCIA-ESCOBAR, and RAMIRO
AVILA,

          *Defendants.*

## MEMORANDUM AND ORDER

As a result of a drug-sting operation that led to the seizure of methamphetamine and other narcotics, the Government filed a five-count indictment naming the following four individuals as defendants: (1) Luis Raul Renteria-Lopez, (2) Juan Carlos Gutierrez, (3) Fernando Garcia-Escobar, and (4) Ramiro Avila. Among other things, the indictment in this case alleges that Defendants possessed with the intent to distribute a controlled substance. Now before the Court is Defendant Juan Carlos Gutierrez's motion for discovery regarding the confidential informant ("C.I.") (Doc. 73). For the reasons stated below, the Court finds that Gutierrez's motion should be denied.

In his briefing, Gutierrez makes two requests: first, that the C.I.'s identity be revealed, and second, that all recorded conversations with the informant and law enforcement and any and all reports and/or memoranda of information provided by the informant to initiate this case be disclosed. Defendant Gutierrez's initial request is based on two arguments: first, if the government intends to call the C.I. to testify at trial, applicable law mandates that he receive discovery, and second,

because of the C.I's active role in the drug-sting operation, the C.I.'s testimony is both relevant and helpful to his defense, and, thus, discovery is required.  In its September 2, 2011, Order, the Court rejected Gutierrez's first argument, stating that it failed because the Government does not intend to call the C.I. at trial.[1]  The Court reserved its ruling on Gutierrez's second argument, however, until it could hold an *in camera* hearing with the C.I.  On September 19, 2011, such a hearing was held.

In the Tenth Circuit, "disclosure of an informant is not required simply because the informant has taken an active role in the criminal transaction."[2]  Rather, such disclosure is necessary only "when the combination of circumstances, including the charge, the possible defenses, the significance of the informant's testimony, and other relevant factors, dictates disclosure over secrecy."[3]  In cases where an *in camera* hearing reveals that "the informant will directly controvert asserted defenses or, at least will provide no exculpatory information, the scale tips toward nondisclosure, regardless of the role played by the informant."[4]  Thus, "[w]hen it is clear the informant cannot aid the defense, the government's interest in keeping secret [the C.I.'s] identity must prevail over the defendant's asserted right of disclosure."[5]

Based on the presentation made at the September 19 hearing, and in consideration of the other evidence that has been offered in this case thus far, the Court finds that C.I. disclosure is not

---

[1] *See* Doc. 101.

[2] *United States v. Martinez*, 979 F.2d 1424, 1428 (10th Cir. 1992).

[3] *Id.*

[4] *Id.* at 1428-29 (10th Cir. 1992).

[5] *Id.* at 1429; *see also United States v. Leahy*, 47 F.3d 396, 398 (10th Cir. 1995) (denying the defendant's request for discovery because, among other things, he "failed altogether to establish how the identity of the informant might contribute meaningfully to his defense"); *cf. Gaines v. Hess*, 662 F.2d 1364, 1369 (10th Cir. 1981) ("Under these circumstances, an in camera hearing is the appropriate procedural vehicle for determining whether the informant's testimony would lend significant credence to Gaines' defense.").

warranted.  First, the majority of the encounters between the C.I. and Defendant Gutierrez were recorded by the WPD, thus any testimony from the C.I. regarding such encounters would be cumulative of that which could be elicited from those officers who participated in the sting operation.  Second, the C.I.'s testimony relating to the events leading up to the seizure, which the Court finds to be extremely credible, would be of no assistance to Defendant Gutierrez, as the C.I.'s testimony is that it was Gutierrez, not the C.I., who was the impetus behind the underlying narcotic transaction.  Third, if the C.I.'s identify was to be released, the threat of retaliation is significant. According to the case agent, the C.I. has been involved in a number of cases that have yielded large amounts of narcotics.  Because of the C.I.'s involvement in these cases, and due to the number of threats that have already been made, the case agent believes that the C.I's, as well as their family's, well-being would be in jeopardy if the C.I.'s identify was to be divulged.  Therefore, in light of all of the relevant circumstances, the Court finds that the Government's interest in keeping its informant's identity confidential should prevail over Defendant Gutierrez's interest in additional discovery.  Accordingly, Defendant Gutierrez's motion should be denied to the extent it seeks discovery on the Government's informant.[6]

    With regard to Defendant Gutierrez's second request, it too should be denied.  Simply put, there has been no showing that any of the pieces of evidence that Gutierrez now seeks even exists. As a result, the Court finds that Gutierrez's additional request for relief should be denied as well.

---

[6]*See, e.g., United States v. Folsom*, 2001 WL 968396 (D. Kan. July 20, 2001) (refusing to compel discovery on the confidential informant in a case factually similar to this one).

**IT IS THEREFORE ORDERED** that Defendant Gutierrez's motion to compel for discovery regarding the confidential informant (Doc. 73) is hereby DENIED.

**IT IS SO ORDERED**.

Dated this 20th day of September, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE