IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
      *Plaintiff*, )
)
v. ) Case No. 10-10152-02-EFM
)
JUAN CARLOS GUTIERREZ )
GOMEZ, )
)
      *Defendant*. )
_____)

## MEMORANDUM AND ORDER

Defendant Juan Carlos Gutierrez was indicted by the Grand Jury in a Second Superseding Indictment on May 25, 2011, of one count of conspiracy to distribute more than 50 grams of methamphetamine (Count One), and one count of possession with intent to distribute more than 50 grams of methamphetamine (Count Two). On November 28, 2011, Defendant entered a plea of guilty to Count One. As a part of the plea agreement with the United States, the parties agreed to request a guideline sentence, and noted that although Count Two would be dismissed, it would be considered in the calculation of the guideline range under Relevant Conduct. The Government agreed not to object to reductions for safety valve if Defendant qualified. The plea agreement contemplated that the government might move for a reduction in sentence for substantial assistance, pursuant to United States Sentencing Guidelines 5K1.1.

The Presentence Investigation Report calculated an Offense Level 31, Criminal History Category I for Defendant, resulting in a recommended range of a sentence of 108 to 135 months; however, Defendant's offense of conviction carried a mandatory ten year minimum sentence,

converting the guideline range to 120 to 135 months. A term of at least five years of supervised release was required by statute. However, at sentencing, the Court granted Defendant's objection regarding his qualification for the safety valve provision.[1] This reduced the offense level by two points and permitted the Court to sentence Defendant below the mandatory minimum. Accordingly, Defendant's guideline range became 87 to 108 months, and the Court sentenced Defendant to a mid-range sentence of 98 months.[2]

Defendant filed an appeal, and following submission of an *Anders* brief by his counsel, briefed his appeal *pro se*. In addition to arguments regarding the Court's denial of his motion to suppress (which arguments the Tenth Circuit rejected), he also argued that the Government breached the plea agreement by opposing his request for safety valve, despite its promise in the plea agreement not to oppose such a request if he qualified for it. Reviewing this claim under the plain error standard of review, the Tenth Circuit found that since Defendant did, in fact, receive a safety valve adjustment, he could demonstrate no prejudice to his rights by this alleged breach, and thus this claim of breach presented no basis for appeal.[3] Defendant's *pro se* brief also raised issues relating to the voluntariness of his guilty plea, the sufficiency of the factual basis for his guilty plea, the constitutionality of his conviction following the decision of *Apprendi v. New Jersey*,[4] his denial of an opportunity to allocate prior to imposition of his sentence, his objections regarding the safety valve and minor participant role adjustments, misapplication of the 18

---

[1] The Court overruled the Government's objections regarding Defendant's qualification for the safety valve, finding that the complained-of conduct went more to the question of substantial assistance (the Government did not make a 5K1.1 motion in this case). However, the Court overruled Defendant's objection that he was further entitled to a reduction in his offense level due to being a minor participant.

[2] The Court said a mid-range sentence appropriately reflected his "minimal, begrudging and only technical safety valve compliance in this case" as well as his own offense conduct and his appropriate relative position with respect to the sentences received by his co-defendants in the case.

[3] *United States v Gutierrez*, 2012 WL 6604574 (10th Cir. Dec. 19, 2012).

[4] 530 U.S. 466 (2000).

U.S.C. § 3553(a) sentencing factors, and ineffective assistance of counsel. The Tenth Circuit rejected each of these arguments.[5]

While the appeal was pending, he filed a "Motion to Dismiss Indictment" on *Apprendi* grounds before this Court, which was denied.

Defendant has now filed a *pro se* motion to reduce his sentence; specifically, a document entitled "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Argument in Support Memorandum of Law."[6] (Doc. 208). Although it is hard to be certain, the Court believes that Defendant's motion relies (at least in some part) on recent amendments to the Unites States Sentencing Guidelines pursuant to the Fair Sentencing Act of 2010 (regarding crack cocaine sentences), and further complains of the following matters: (1) the United States breached its agreement in the plea agreement that the quantity of drugs for which Defendant would be held responsible was 50 grams of methamphetamine, and (2) the Court's imposition of a term of supervised release violated directives of the United States Sentencing Commission, and was in error.

18 U.S.C. § 3582(c)(2) provides:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[5] *Gutierrez*, 2012 WL 6604574 at **3-8.
[6] Similar to the Tenth Circuit's observation in footnote 2 of its Order, this Court notes that Defendant's filing is twenty-four pages of legal arguments and citations, many of which are unclear and of marginal, if any, relevance to this case. The Court also notes that this filing suggests that Defendant may believe that he is filing for appellate review, although the case is both captioned for and filed in the District Court. The Court also notes that although the first page of his motion bears a case caption similar to that on this order, the motion is prefaced by a cover sheet listing the case as State of Kansas v. Juan Carlos Gutierrez. The Court is unsure what to make of that.

The statutory framework referenced by Defendant relates to the modification of the guideline ranges for crack-cocaine offenses. Defendant clearly understands this, as his motion at multiple points references changes to the crack-cocaine sentencing guidelines. The initial, and simplest response to Defendant's motion is that the change in the United States Sentencing Guidelines regarding crack-cocaine is unrelated to Defendant's sentence, which was imposed for methamphetamine offenses. No similar changes to methamphetamine sentences have been made under this authority, and therefore the provisions of 18 U.S.C. § 3582(c)(2) – Defendant's cited authority for relief – are inapposite to him. Because the authority upon which he relies offers him no relief, the Court can dismiss his motion on that ground alone. But the Court further notes that the other matters complained of in his motion offer him no grounds for relief under any authority.

Regarding Defendant's claim that the United States breached its promise in the plea agreement that Defendant would be held responsible for (only) 50 grams of methamphetamine; the initial and simplest response is that the plea agreement contains no such agreement. Defendant's motion purports to quote the plea agreement which contains such "stipulation," but the purported quote does not appear (at least in that fashion) in the plea agreement. Even if it did, it does not contain the stipulation Defendant thinks it does; but merely recites that he is charged with conspiracy to distribute more than fifty grams.

Moreover, despite pages devoted to this topic, it is not at all clear how Defendant thinks the Government breached this agreement or stipulation. He claims that the Government introduced evidence of specific amounts and specific transactions at the sentencing hearing, but in fact it did not. He makes a lengthy, complicated, and very hard to follow argument about the difference between "d-methamphetamine" and "l-methamphetamine" and claims that the United

4

States failed to prove the methamphetamine involved in his case was "d-meth" rather than "l-meth." Some of his arguments appear to be policy arguments more appropriately addressed to the Sentencing Commission.

The Factual Basis section of the guilty plea provided that Defendant was found in possession of 272 grams of 72 percent pure methamphetamine. Defendant admitted to this both by signing the plea agreement, and orally during his change of plea hearing. This was the basis upon which his sentencing guideline offense level was calculated. This "amount plus percent pure" representation vitiates Defendant's argument about pure versus diluted meth. No other representation, much less stipulation or agreement, regarding the amount of meth attributable to him was made in the plea agreement. That agreement clearly was not breached.

Defendant also complains that he was sentenced to a term of three years of supervised release, arguing that as a deportable alien supervised release ordinarily should not be imposed. His quote from the Sentencing Commission clearly states, however, that the Court ordinarily should not impose supervised release *where it was not required by statute*. As noted above, the statute under which Defendant was convicted did require supervised release, and so the guidance by the Sentencing Commission (which, in any event, was not binding on the Court, and may have recommended against but certainly did not forbid the imposition of supervised release) is not relevant here.

**IT IS ACCORDINGLY ORDERED** this 13th day of June, 2013, because Defendant has shown no legal or factual basis permitting him relief, and Defendant's Motion to Reduce Sentence (Doc. 208) is **DENIED**.

**IT IS SO ORDERED**.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE